**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

**v.**                                                                 **CRIMINAL NO. 2:21-cr-00092**

**JAMES GIPSON**

**RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local

Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered

by the Court in this case on June 17, 2021, the United States of America, by counsel, herein

responds to each of the Defendant's Standard Discovery Requests as follows:

<u>**Request A**</u>**:  Disclose to the Defendant the substance of any relevant oral statement of the
Defendant, whether before or after arrest, made in response to interrogation by a person the
Defendant knew was a governmental agent if the Government intends to use the statement
at trial.  [Fed. R. Crim. P. 16(a)(1)(A)]**

*Response*:  The Government is hereby providing:

— 1 audio interview from April 25, 2020 (NO BATES) with Defendant and CPD

Det. Lovern

— 2 videos of body camera footage recorded by the body-worn camera of CPD

Patrolman Terrence Casto including oral statements from Defendant

1

** If there is any issue playing either of these files, please contact the attorney for the Government in this matter immediately upon receipt of the files so that the issue can be sorted.

**Request B:** **Disclose to the Defendant and make available for inspection, copying or photographing, all of the following:**

**(i)  Any relevant written or recorded statement by the Defendant if the statement is within the Government's possession, custody, or control; and the attorney for the Government knows, or through due diligence could know, that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

*Response***:**  The Government is hereby providing the following:

— 2 videos of body camera footage recorded by the body-worn camera of CPD Patrolman Terrence Casto including oral statements from Defendant.

** If there is any issue playing either of these files, please contact the attorney for the Government in this matter immediately upon receipt of the files so that the issue can be sorted.

**(ii)  The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the Defendant made the statement in response to interrogation by a person the Defendant knew was a governmental agent.  [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

*Response***:**  See above

 **(iii)  The Defendant's recorded testimony before a grand jury relating to the charged offense.  [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

*Response***:**  N/A.

**Request C**:  **Where the Defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the Government contends that the person making the statement (i) was legally able to bind the Defendant regarding the subject of the statement because of that person's position as the Defendant's director, officer, employee, or agent;  or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the Defendant's director, officer, employee, or agent.  [Fed. R. Crim. P. 16(a)(1)(C)]**

   *Response*:  N/A


**Request D**:  **Furnish the Defendant with a copy of the Defendant's prior criminal record that is within the Government's possession, custody, or control if the attorney for the Government knows, or through due diligence could know, that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]**

   *Response*:  Defendant's criminal history report has been provided. *See* GIPSON-0005-0019.

**Request E**:  **Permit the Defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the Government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the Government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the Defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

   *Response:*  The additional attached documents and items are being provided:

   — Charleston Police Department Case Summary (GIPSON-0001—0003);

   — Charleston Police Department Device Processing Request (GIPSON-0004);

   — State Search Warrants for Cell Phone and Computer (GIPSON-0020—0039);

   — Witness Statements (GIPSON-0040);

   — Charleston Police Department Incident Report (GIPSON-0041—0058);

   — South Charleston Police Department Computer Forensic Report (GIPSON-0059—0062);

   — NCMEC Hash Comparisons – 14 forms (GIPSON-0063-0163);

3

— NCMEC Report Identifying Four Series of Positive Child Pornography

(GIPSON-0164—0173);

— Recorded Statement of Witness D.H. (NO BATES).

**Request F:  Permit the Defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the Government's possession, custody, or control; (ii) the attorney for the Government knows, or through due diligence could know, that the item exists; and (iii) the item is  material to preparing the defense or the Government intends to use the item in its case-in-chief at trial.  [Fed. R. Crim. P. 16(a)(1)(F)]**

*Response*:  Counsel for Defendant previously visited the Office of the United States Attorney, on or about April 28, 2021, to view the media files at issue in this case with the attorney for the Government and the computer forensics reviewer, TFO J. Thompson.

Counsel for Defendant is invited to arrange additional viewings of the media files at issue in this case, should the need arise, by contacting the attorney for the Government in this matter to make arrangements to view the files again with the agent.

**Request G:  Give to the Defendant a written summary of any testimony the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the Government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the Defendant complies, the Government must, at the Defendant's request, give to the Defendant a written summary of testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the Defendant's mental condition.  The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  [Fed. R. Crim. P. 16(a)(1)(G)]**

*Response*:  The Government is aware of no such evidence at this time.

**Request H:  Disclose to the Defendant all evidence favorable to the Defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

*Response*:  The Government is aware of no such evidence at this time.

**Request I:  Notify the Defendant of all evidence the Government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

*Response*:  The Government is unaware of such evidence at this time, however, such evidence will be disclosed and provided upon discovery and receipt, should it become known and available.

**Request J:  Disclose to the Defendant all reports of governmental "mail cover," insofar as the same affects the Government's case against the Defendant or any alleged aiders and abettors or co-conspirators.**

*Response***:  N/A**

**Request K:  Disclose to the Defendant any matter as to which the Government will seek judicial notice.**

*Response***:  The United States will seek judicial notice of the following:**

1. Charleston is within Kanawha County, which is within the Southern District of West Virginia.

**Request L:  Disclose to the Defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the Government, which contains any relevant statement made by the Defendant or which is material to the preparation of the Defendant's defense or which is intended for use by the Government as evidence in its case-in-chief at the trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

*Response***:  N/A**

**Request M:  Provide notice to the Defendant of the Government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

*Response*:   The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to Defendant. Any discovery provided that is not mandated by Court order, the Federal Rules

of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that the Defendant provide all applicable reciprocal discovery within **<u>fourteen (14) days</u>** of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:

/s/ KRISTIN F. SCOTT
KRISTIN F. SCOTT
Assistant United States Attorney
WV State Bar Number: 13787
300 Virginia Street, East
Charleston, West Virginia 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: kristin.scott@usdoj.gov

6

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 1st day of July, 2021 to:

**Timothy J. LaFon**
**Ciccarello, Del Giudice & LaFon**
**1219 Virginia Street East**
**Suite 100**
**Charleston, WV 25301-2912**
**Fax: 304/343-4464**
**Email: tlafon@cdlwv.com**


/s/ KRISTIN F. SCOTT
KRISTIN F. SCOTT
Assistant United States Attorney
WV State Bar Number: 13787
300 Virginia Street, East
Room 4000
Charleston, West Virginia 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: kristin.scott@usdoj.gov