# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA**

v.                    **CRIMINAL NO. 2:21-cr-00092**

**JAMES GIPSON**

### NOTICE BY THE UNITED STATES TO INTRODUCE EVIDENCE
### PURSUANT TO RULE 414 OF THE FEDERAL RULES OF EVIDENCE

  Comes now the United States of America, by Kristin F. Scott, Assistant United States Attorney for the Southern District of West Virginia, and hereby gives notice pursuant to 414 of the Federal Rules of Evidence that the United States intends to introduce the following as evidence of James Gipson's ("Defendant") commission of "other child molestation" during the presentation of its case-in-chief. Defendant is currently charged in a single-count indictment in this Court with possessing prepubescent child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

  The following conviction and evidence in support of that conviction is admissible pursuant to Rule 414 of the Federal Rules of Evidence because it constitutes a similar crime of child molestation. The United States hereby provides notice of its intention to use the following 2012 conviction for "other child molestation activity."

1. **2012 Federal Conviction for Possession of Child Pornography.**

  On or about January 4, 2011, a grand jury sitting in Beckley, West Virginia, issued a two-count indictment against Defendant in the Southern District of West Virginia. *United States v. James W. Gipson II*, No. 3:11-cr-00002 (S.D. W. Va. 2011), ECF No. 1. The indictment charges

Defendant with one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Exhibit 1.

On May 10, 2011, a grand jury sitting in Huntington issued a six-count superseding indictment against Defendant. Exhibit 2. That superseding indictment charged Defendant with the following:

(1) Count One – Receiving child pornography on or about January 7, 2006, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1);

(2) Count Two – Possessing child pornography on or about January 12, 2006, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2);

(3) Count Three – Receiving child pornography on or about May 26, 2006, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1);

(4) Count Four – Possessing child pornography on or about June 7, 2006, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2);

(5) Count Five – Receiving child pornography on or about December 9, 2010, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1);

(6) Count Six – Possessing child pornography on or about January 5, 2011, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

*Gipson II*, No. 3:11-cr-00002, ECF No. 28.

On October 17, 2011, Defendant appeared and entered a guilty plea as to Count Six of the superseding indictment. Exhibit 3. Defendant's guilty plea was made pursuant to a plea agreement with a stipulation of facts. Exhibit 4.

In the stipulation of facts, Defendant admitted that on or about January 5, 2011, he possessed over 600 images and videos depicting minors engaged in sexually explicit conduct Exhibit 4. These images were possessed on Defendant's laptop and showed minors engaged in actual or stimulated sexual intercourse and the lascivious exhibition of the genitals and pubic area of the minors. *Id*. Many of the images depicted prepubescent minors and known minors. *Id*. The images were downloaded using the Internet. *Id*.

In its PSR, Probation observed that the offense conduct included Defendant leasing a laptop computer from a shop in Huntington. Exhibit 5 (sealed). When Defendant returned the computer to the shop, the shopworker logged onto it and observed images of minor males engaged in sexually explicit conduct. A later forensic examination of the computer located approximately 19,000 images and fifty-seven videos of minors engaged in sexually explicit conduct. *Id*. The child pornography had been downloaded from the Internet. *Id*. In an interview subsequent to his arrest, Defendant admitted, "I prefer guys, age has no bearing. I like to watch young guys and see how they grow up." *Id*. He also admitted that he liked to go to the park and take pictures of young men. *Id*.

On or about March 7, 2012, the District Court for the Southern District of West Virginia adjudged Defendant guilty of Count Six and sentenced him to 128 months (approximately 10.67 years) in prison and a lifetime of supervised release. Exhibit 6. The United States dismissed Counts One through Five upon conclusion of the case. *Id*.

The following paperwork from case number 3:11-cr-00002 will be provided to Defendant pursuant to this 414 Notice: (1) Indictment; (2) Superseding Indictment; (3) Guilty Plea; (4) Plea Agreement with Stipulation; (5) Amended PSR (sealed); (6) Final Judgment Order.

It is anticipated that at trial the United States will introduce evidence regarding this 2012 conviction for possession of child pornography. Evidence regarding that conviction will include the introduction of the aforementioned documentation, which the United States expects to be in the form of certified court records. These records will be admissible pursuant to Rule 902 of the Federal Rules of Evidence, which provides that certain domestic public documents and certified copies of public records are self-authenticating and require no extrinsic evidence of authenticity.

Pursuant to Fed. R. Evid. 414(d)(1) and (2)(B), ""child molestation" involves a person below the age of fourteen and includes any conduct in violation of Chapter 110 of Title 18. Here, possessing child pornography is a violation of 18 U.S.C. § 2252A(a)(5)(B), which is encompassed in Chapter 110 of Title 18. The above information outlining that 2012 conviction and the facts and circumstances of the offense, including that it involved prepubescent minors, are thus relevant to the instant case under Fed. R. Evid. 414 as evidence of a similar child molestation crime. As the Fourth Circuit has observed, Fed. R. Evid. 414 is "an exception to the general rule that evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith.'" *United States v. Kelly*, 510 F.3d 433, 436–37 (4th Cir. 2007).

## ARGUMENT

Generally, evidence of prior crimes cannot be used to support propensity inferences "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may *only* be used for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). However, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence

4

that the defendant committed any other child molestation," and "[t]he evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). [1] Thus, while ordinarily evidence that tends to show a defendant has a propensity to commit crimes is generally excluded from trial, Rule 414 makes an exception where past child molestation is introduced in current child molestation prosecutions.

Although the propensity inference is permissible in child molestation cases, evidence of a defendant's prior child molestation remains subject to Federal Rules of Evidence 401, 402, and 403. The evidence is admissible only if it is relevant, (Fed. R. Evid. 402), meaning that it must have a "tendency to make a fact [of consequence] more or less probable than it would be without the evidence," Fed. R. Evid. 401. And the court may exclude the evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *See United States v. Mason*, 532 F. App'x 432, 437 (4th Cir. 2013) (observing that Rule 414 "remains subject to the balancing test imposed by Rule 403").

Notably, here, the evidence establishes motive by showing that Defendant has "a taste for engaging in that crime or a compulsion to engage in it." *United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996). "Prior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children." *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006). Moreover, "propensity evidence" makes a fact of

---

[1] Congress enacted this rule to "protect[ ] the public from rapists and child molesters . . . . In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant . . . that simply does not exist in ordinary people." 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 414 App.01(2)(d), at 18–20 (Joseph M. McLaughlin ed., 2d ed.0005) (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole)).

consequence more or less likely and is relevant to show that someone with a propensity to do something is more likely to have done that same thing again. *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997); *Michelson v. United States*, 335 U.S. 469, 475–76 (1948).

The similarity between the instant offense and the 2012 conviction is also important and bears on the relevancy of the prior conviction. Here, Defendant is alleged to have had a laptop and images of child pornography on that laptop. Specifically, a large majority of the images of child pornography possessed by Defendant were of young boys. Those images were organized into files and folders such as those with titles such as "Bath Boyz," "Master of Boyz," and "Boyz." Compare *Mason*, 532 F. App'x at 437 (admitting a prior conviction pursuant to 414 where it that occurred twelve years prior and noting the "similarity" between the instant offense and the prior crime); *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007) (observing the similarity between a 414-admitted prior conviction that occurred twenty-two years prior to the current offense).

Importantly for this analysis pursuant to 414 and 403, the United States avers that it does not seek to elicit inflammatory testimony about Defendant's prior conviction. Instead, the United States intends only to present the official conviction and relevant information about it, as noted above. This presentation method will serve to minimize any risk of unfair prejudice to Defendant.

The 2012 conviction is not only admissible under Fed. R. Evid. 414, but also under Fed. R. Evid. 404(b) because it provides context for the instant offense as well as showing Defendant is motivated by his sexual desire to attached to children and thus it is relevant to the charge of possessing prepubescent child pornography. The United States will file a separate notice of intent to introduce this conviction and another, earlier, conviction pursuant to Fed. R. Evid. 404(b).

**CONCLUSION**

Here, Defendant is charged with an offense of child molestation under Chapter 110, that is, possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). Accordingly, the evidence of Defendant's prior child molestation activity is relevant and admissible at trial in this case pursuant to Fed. R. Evid. 414.

        Respectfully submitted,

        WILLIAM S. THOMPSON
        United States Attorney

By:

        /s/ Kristin F. Scott
        KRISTIN F. SCOTT
        Assistant United States Attorney
        WV State Bar Number: 13787
        300 Virginia Street, East
        Charleston, West Virginia 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        E-mail: kristin.scott@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "NOTICE OF THE UNITED STATES TO INTRODUCE EVIDENCE PURSUANT TO RULE 414 OF THE FEDERAL RULES OF EVIDENCE" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 9th day of May, 2022 to:

Timothy J. LaFon
CICCARELLO DELGIUDICE & LAFON
Suite 100
1219 Virginia Street East
Charleston, WV 25301-2912
Fax: 304/343-4464
Email: tlafon@cdlwv.com

/s/ Kristin F. Scott
KRISTIN F. SCOTT
Assistant United States Attorney
WV State Bar Number: 13787
300 Virginia Street, East
Charleston, West Virginia 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: kristin.scott@usdoj.gov