

# U.S. Department of Justice

*United States Attorney*
*Southern District of West Virginia*

*United States Courthouse*
*300 Virginia Street East*
*Charleston, WV 25301*
*FAX: (304) 347-5104*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*(304) 345-2200*
*1-800-659-8726*

FILED
OCT 17 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

October 14, 2011

Timothy J. LaFon, Esquire
Ciccarello, Del Guidice & LaFon
1219 Virginia Street, East
Suite 100
Charleston, WV 25301

      Re: United States v. James W. Gipson, II
           Criminal No. 3:11-00002 (USDC SDWV)

Dear Mr. LaFon:

    This will confirm our conversations with regard to your client, James W. Gipson, II, (hereinafter "Mr. Gipson"). As a result of these conversations, it is agreed by and between the United States and Mr. Gipson as follows:

    1. **PENDING CHARGES.** Mr. Gipson is charged in a six-count superseding indictment as follows:

    (a) Counts One, Three and Five charge Mr. Gipson with violations of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (receipt of child pornography); and

    (b) Counts Two, Four and Six charge Mr. Gipson with violations of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (possession of child pornography).

    2. **RESOLUTION OF CHARGES.** Mr. Gipson will plead guilty to Count Six of said superseding indictment, which charges him with violations of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Following final disposition, the United States will move the Court to dismiss Counts One, Two, Three, Four and Five in Criminal No. 3:11-00002 as to Mr. Gipson.

/Defendant's
initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 2                                    Re:   James W. Gipson, II

    3.    **MAXIMUM POTENTIAL PENALTY.** Mr. Gipson agrees that he was convicted in the Cabell County Circuit Court of "Use of Minors in Filming Sexually Explicit Conduct" on or about July 1, 1996. Thus, Mr. Gipson agrees that he has a prior conviction under the laws of West Virginia relating to the production of child pornography as set forth in 18 U.S.C. § 2252A(b)(2). Accordingly, Mr. Gipson agrees that the maximum penalty to which he will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of a mandatory minimum of 10 years and up to 20 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of not less than five years and up to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 2259, and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Gipson will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Gipson will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Gipson fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Gipson.

Defendant's initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 3                                          Re:   James W. Gipson, II


    5.    **RESTITUTION**. Mr. Gipson understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution to the victims in this case for the full amount of the victim's losses, if any. Mr. Gipson agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible.

    (a)    Mr. Gipson agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    (b)    Mr. Gipson will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

    (c)    Mr. Gipson agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

    (d)    Mr. Gipson agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

    (e)    Mr. Gipson agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Gipson to pay a greater or lesser sum of restitution in accordance with law.

_____
Defendant's
initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 4                                          Re:  James W. Gipson, II

    6.    **FORFEITURE.** Mr. Gipson hereby agrees as follows:

(a) To forfeit to the United States any and all visual depictions and books, magazines, periodicals, films, videotapes or other matter which contain such visual depictions, which were produced, transported, mailed, shipped and received in violation of Chapter 110, Title 18, United States Code, Sections 2251 et seq.; any real and personal property constituting or traceable to gross profits and other proceeds obtained from such offense; and any real and personal property used or intended to be used to commit or to promote the commission of such offense including, but not limited to, the following:

1) One Hitachi 30 GB hard drive, Model IC2SN030ATMR04-0, serial number MRG2E9KBDNVBKJ;

2) One Hitachi Travelstar 30 GB hard drive, Model IC2SN030ATMR04-0, serial number, MRG2EOKBET8VIJ;

3) One Dell Dimension computer, serial number 213M901;

4) One Maxtor 20 GB hard drive, Model 5T020H2, serial number SG-061TTY-19661-OCU-AI6T;

5) One Dell Inspiron computer, Model PP04L, serial number FF9NK11;

6) One Hitachi 60 GB hard drive, Model HTS541260H9AT00, serial number BBG3JW1A;

7) One HP Pavilion computer, Model A614N, serial number MXK4301K24;

8) One Samsung 80 GB hard drive, Model SP0802N, serial number S00JJ40X624816; and

9) Ten floppy disks;

(b) To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled. Any such identified property deemed forfeitable by the United States will

Defendant's initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 5                                      Re:  James W. Gipson, II

        then be forfeited, pursuant to 18 U.S.C. §§ 2253 or 2254, in either an administrative or judicial forfeiture action;

  (c)  To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

  (d)  To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in <u>United States v. Alexander</u>, 509 U.S. 544 (1993); <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998); <u>United States v. Austin</u>, 509 U.S. 602 (1993); and their progeny.

    7.  **PAYMENT OF MONETARY PENALTIES.** Mr. Gipson agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Gipson further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    8.  **COOPERATION.** Mr. Gipson will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Gipson may have counsel present except when appearing before a grand jury.

    9.  **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Gipson, and except as expressly provided for in paragraph 12, nothing contained in any

                                                            Defendant's initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 6                          Re: James W. Gipson, II

statement or testimony provided by Mr. Gipson pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Gipson for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Gipson for perjury or false statement if such a situation should occur pursuant to this agreement.

    11. **WITHDRAWAL OF MOTION TO SUPPRESS.** Mr. Gipson agrees to file a Notice with the Court indicating his withdrawal of his Motion to Suppress filed on February 7, 2011. Such Notice of Withdrawal shall be filed within five working days of Mr. Gipson's signing this agreement.

    12. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Gipson stipulate and agree that the facts comprising the offenses of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Gipson agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Gipson, and he is subsequently tried on any of the charges in the superseding indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Gipson or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Gipson or on his behalf. Mr. Gipson knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United

                                                                            Defendant's initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 7                                    Re:   James W. Gipson, II

States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Gipson understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

13. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Gipson agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2G2.2

| | |
|---|---|
| Base offense level | 18 |
| Prepubescent Minor | + 2 |
| Use of a computer | + 2 |
| More than 600 images | + 5 |
| Adjusted Offense Level | 27 |

The United States and Mr. Gipson acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

14. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Gipson is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed by the District Court. Nonetheless, Mr. Gipson knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any

_____
Defendant's initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 8                                  Re: James W. Gipson, II

ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty prescribed by statute.

Mr. Gipson also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    15. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Gipson knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    16. **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Gipson understands and acknowledges that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Gipson understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Gipson further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Gipson understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

                                                                           _____
                                                                           Defendant's
                                                                           initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 9                                    Re:  James W. Gipson, II

    17. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)    Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)    Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Mr. Gipson;

    (f)    Advise the Court concerning the nature and extent of Mr. Gipson's cooperation; and

    (g)    Address the Court regarding the issue of Mr. Gipson's acceptance of responsibility.

    18. **VOIDING OF AGREEMENT.** If either the United States or Mr. Gipson violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    19. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Gipson in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Gipson in any Court other than the United States District Court for the Southern District of West Virginia.

Defendant's initials

Exhibit 4

Timothy J. LaFon, Esquire
October 14, 2011
Page 10                              Re:   James W. Gipson, II

    Acknowledged and agreed to on behalf of the United States:

                      R. BOOTH GOODWIN II
                      United States Attorney

              By: _____
                    LISA G. JOHNSTON
                    Assistant United States Attorney

LGJ/fgc

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          10/17/11
JAMES W. GIPSON, II                Date Signed
Defendant

_____          10/17/11
TIMOTHY J. LaFON                   Date Signed
Counsel for Defendant

Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**UNITED STATES OF AMERICA**

v.     CRIMINAL NO. 3:11-00002

**JAMES W. GIPSON, II**

### STIPULATION OF FACTS

The United States and James W. Gipson, II ("Mr. Gipson") stipulate and agree that the facts comprising the offense of conviction in the Superseding Indictment filed in the Southern District of West Virginia include the following:

On or about January 5, 2011, at Huntington, Cabell County, West Virginia, within the Southern District of West Virginia, Mr. Gipson knowingly possessed on his computer over 600 images and videos depicting minors engaged in sexually explicit conduct, that is, actual or stimulated sexual intercourse and the lascivious exhibition of the genitals and public area of the minors.

At the same time Mr. Gipson possessed the images, Mr. Gipson knew the images and videos constituted child pornography. In addition, several of the images have been identified as depicting known children. Many of these images depict prepubescent minors. As the images possessed by Mr. Gipson were downloaded using the internet, the images had been shipped and transported in interstate and foreign commerce by means that included a computer.

On or about July 1, 1996, Mr. Gipson was convicted in the Circuit Court of Cabell County, West Virginia, of "Use of Minors in Filming Sexually Explicit Conduct" in violation of W. Va Code § 61-8C-2. Thus, Mr. Gipson has a prior conviction under the laws of West Virginia relating to the production of child pornography as set forth in 18 U.S.C. § 2252A(b)(2).

This Stipulation of Facts does not contain each and every fact known to Mr. Gipson and to the United States concerning his involvement and the involvement of others in the charges set forth in the Superseding Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

**"PLEA AGREEMENT EXHIBIT A"**

Exhibit 4

Stipulated and agreed to:

_____  10/17/11
JAMES W. GIPSON, II        Date
Defendant

_____  10/17/11
TIMOTHY J. LaFON           Date
Counsel for Defendant

_____  10/17/11
LISA G. JOHNSTON           Date
Assistant United States Attorney

2

Exhibit 4