# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:21-cr-00092

JAMES GIPSON

## NOTICE OF THE UNITED STATES TO
## INTRODUCE EVIDENCE PURSUANT TO RULE 404(b)

On June 10, 2021, a grand jury sitting in the Southern District of West Virginia issued an indictment against James Gipson ("Defendant") that charged him with one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The incident that led to the instant charge occurred at a community shelter while Defendant was serving a term of supervised release on a prior conviction for possession of child pornography. *See United States v. James W. Gipson II*, No. 3:11-cr-00002 (S.D. W. Va. 2011).

At trial, the United States intends to introduce the following evidence to show Defendant's intentional conduct, context for the instant offense, and motive to commit the offense: (1) evidence of Defendant's prior conviction in the Southern District of West Virginia in 2012 for possession of child pornography; and (2) evidence of Defendant's prior conviction in the Circuit Court of Cabell County in 1996 for using a minor to film sexually explicit conduct.

As discussed in more detail below, these two convictions are admissible pursuant to Fed. R. Evid. 404(b) because they demonstrate that Defendant remains motivated by a sustained sexual desire attached to minors and his intentional conduct in collecting and accessing imagery of nude minors engaged in sexually explicit conduct.

1. **<u>1996 Conviction for Using Minors to Film Sexually Explicit Material.</u>**

    The United States seeks to introduce, at trial, evidence regarding Defendant's 1996 conviction in Cabell County Circuit Court for using minors in filming sexually explicit conduct.

    On July 1, 1996, Defendant entered a guilty plea to the aforementioned felony offense. *See State of West Virginia v. James W. Gipson II, aka Chip Gipson*, No. 94-F-186 (Cir. Ct. Cabell County 1996). *See* Exhibits 1 and 2. As grounds for his guilty plea, Defendant wrote a factual basis that stated, "I was involved in the filming of minors for sexual purposes." Exhibit 2.

    Briefly, the conviction arose out of criminal activity that Defendant committed between the Summer of 1992 and March 1994, wherein he sexually abused minor boys by performing oral sex on them and filming them engaged in sexually explicit conduct. Exhibit 1. On November 8, 1996, the Circuit Court of Cabell County sentenced Defendant on indictment number 95-F-78 to six years in prison. Exhibit 3. Defendant was released from custody on April 1, 1999. Exhibit 4.

    It is anticipated that at trial the United States will introduce evidence regarding this conviction including the indictment, plea paperwork, and sentencing order. Evidence regarding that conviction will include the introduction of the aforementioned documentation, which the United States expects to be in the form of certified court records. These records will be admissible pursuant to Rule 902 of the Federal Rules of Evidence, which provides that certain domestic public documents and certified copies of public records are self-authenticating and require no extrinsic evidence of authenticity. The following paperwork from case number 3:11-cr-00002 will be provided to Defendant pursuant to this 414 Notice: (1) State Indictment; (2) Guilty Plea; (3) Sentencing Order.

**2. 2012 Federal Conviction for Possession of Child Pornography.**

On or about January 4, 2011, a grand jury sitting in Beckley, West Virginia, issued a two-count indictment against Defendant in the Southern District of West Virginia. *United States v. James W. Gipson II*, No. 3:11-cr-00002 (S.D. W. Va. 2011), ECF No. 1; Exhibit 5. The indictment charged Defendant with one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). *Id*.

On May 10, 2011, a grand jury sitting in Huntington issued a six-count superseding indictment against Defendant. Exhibit 6. That superseding indictment charged Defendant with the following:

(1) Count One – Receiving child pornography on or about January 7, 2006, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1);

(2) Count Two – Possessing child pornography on or about January 12, 2006, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2);

(3) Count Three – Receiving child pornography on or about May 26, 2006, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1);

(4) Count Four – Possessing child pornography on or about June 7, 2006, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2);

(5) Count Five – Receiving child pornography on or about December 9, 2010, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1);

(6) Count Six – Possessing child pornography on or about January 5, 2011, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

*Gipson II*, No. 3:11-cr-00002, ECF No. 28; Exhibit 6.

On October 17, 2011, Defendant appeared and entered a guilty plea as to Count Six of the superseding indictment. Exhibit 7. Defendant's guilty plea was made pursuant to a plea agreement with a stipulation of facts. Exhibit 8.

In the stipulation of facts, Defendant admitted that on or about January 5, 2011, he possessed over 600 images and videos depicting minors engaged in sexually explicit conduct Exhibit 8. These images were possessed on Defendant's laptop and showed minors engaged in actual or stimulated sexual intercourse and the lascivious exhibition of the genitals and pubic area of the minors. *Id*. Many of the images depicted prepubescent minors and known minors. *Id*. The images were downloaded using the Internet. *Id*.

In its Presentence Investigation Report ("PSR"), Probation observed that the offense conduct included Defendant leasing a laptop computer from a shop in Huntington. Exhibit 4 (sealed). When Defendant returned the computer to the shop, the shopworker logged onto it and observed images of minor males engaged in sexually explicit conduct. A later forensic examination of the computer located approximately 19,000 images and fifty-seven videos of minors engaged in sexually explicit conduct. *Id*. The child pornography had been downloaded from the Internet. *Id*. In an interview subsequent to his arrest, Defendant admitted, "I prefer guys, age has no bearing. I like to watch young guys and see how they grow up." *Id*. He also admitted that he liked to go to the park and take pictures of young men. *Id*.

On or about March 7, 2012, the District Court for the Southern District of West Virginia adjudged Defendant guilty of Count Six and sentenced him to 128 months (approximately 10.67 years) in prison and a lifetime of supervised release. Exhibit 9. The United States dismissed Counts One through Five upon conclusion of the case. *Id*.

The following paperwork from case number 3:11-cr-00002 will be provided to Defendant pursuant to this 414 Notice: (1) Indictment; (2) Superseding Indictment; (3) Guilty Plea; (4) Plea Agreement with Stipulation; (5) Amended PSR (sealed); (6) Final Judgment Order.

It is anticipated that at trial the United States will introduce evidence regarding this 2012 conviction for possession of child pornography. Evidence regarding that conviction will include the introduction of the aforementioned documentation, which the United States expects to be in the form of certified court records. These records will be admissible pursuant to Rule 902 of the Federal Rules of Evidence, which provides that certain domestic public documents and certified copies of public records are self-authenticating and require no extrinsic evidence of authenticity.

## ARGUMENT

Rule 404(b) of the Federal Rules of Evidence permits the introduction of evidence pertaining to a defendant's prior crimes, wrongs or acts. While evidence of prior acts is not admissible to show a defendant's bad character, it may be admissible for a variety of other reasons including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, [and] lack of accident." *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012); Fed. R. Evid. 404(b). The exceptions for admissibility purposes are "not [] construed narrowly . . . [and] evidence of prior bad acts is admissible *unless* it is introduced for the sole purpose of proving criminal disposition." *United States v. Russell*, 971 F.2d 1098, 1106 (4th Cir. 1992) (emphasis added).

The Fourth Circuit has articulated a four-prong test for the admissibility of evidence under Fed. R. Evid 404(b): (1) the prior-act evidence must be relevant to an issue other than character; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) its probative value must not be "substantially outweighed" by its prejudicial nature. *United States*

*v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). The evidence becomes more relevant the more similar a prior act is to the charged act in regards to time, pattern of conduct, place or state of mind." *Id*. Rule 404(b) has been described "as an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Powers*, 59 F.3d 1460, 1464 (4th Cir. 1995). Evidence of prior bad acts should be admitted unless it is introduced *solely* to prove criminal disposition. *United States v. Russell*, 971 F.2d 1098, 1106 (4th Cir. 1992). The trial court is given broad discretion in determining whether to admit 404(b) evidence, and abuse of discretion will not be found less its decision was "arbitrary and irrational." *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990).

Here, Defendant's prior convictions go to his intent to commit the instant offense, as it shows his mindset and lack of mistake in acting on his seemingly compulsive attraction to minors and collecting imagery of them, which is also seen in the facts of the instant case. The Fourth Circuit has noted that "when intent to commit a crime is at issue, we have regularly permitted the admission of prior acts to prove that element." *Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 52 (4th Cir. 1993). In *Huddleston v. United States*, 485 U.S. 681 (1988), the Supreme Court emphasized the importance that prior act evidence may have in deciding a disputed issue, "especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Id*. at 685. *See United States v. Whorley*, 550 F.3d 326, 337–38 (4th Cir. 2008) (upholding admission of prior conviction for receipt of child pornography under Rule 404(b) in prosecution for knowing receipt of child pornography because it showed lack of accident or mistake).

6

Moreover, Defendant's prior convictions are admissible pursuant to Fed. R. Evid. 404(b) in that they show Defendant's motivation to commit the instant crime where he appears to have a strong attraction to minors, specifically minor males, as demonstrated in his two prior cases and here. "Evidence of prior bad acts is relevant where those acts establish motive-that is, the impulse or desire that induces the criminal action." *United States v. Adair*, 227 F.Supp.2d 586, 589 (W.D. Va. 2002). *See* also *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (allowing admission of allegations of sexual harassment as proof of motive for mail fraud where harassment showed the defendant was seeking sexual relations with other employees by traveling with them on business at employer's expense); *United States v. Sebolt*, 460 F.3d 910, 916–17 (7th Cir. 2006) (holding prior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children which is a relevant motive in a prosecution for child exploitation).

Defendant's prior convictions satisfy the *Queen* test in that the evidence is relevant and probative to an element of the charged offense, namely Defendant's intent and motive regarding his ongoing sexual attraction to minors; the convictions are longstanding matters of public record and are therefore reliable; and their probative value is not substantially outweighed by its risk of unfair prejudice. Moreover, the documents, particularly the plea documents for each conviction are reliable, in that they are public documents accepted by the courts and endorsed by Defendant with his signature. *Queen*, 132 F.3d at 997. The nature of Defendant's past conduct is probative of his interest, intent, and knowledge in seeking out pornographic images of minors, as well as the absence of mistake or accident. Accordingly, Defendant's prior convictions and the attached documentation regarding those convictions should be ruled admissible pursuant to Fed. R. Evid. 404(b).

Defendant's current charges and past convictions are similar insofar as they both involve the exploitation of children—this bears on the relevancy of the convictions under Fed. R. Evid. 402. Here, Defendant is alleged to have had a laptop and images of child pornography on that laptop. Specifically, a large majority of the images of child pornography possessed by Defendant were of young boys. Those images were organized into files and folders such as those with titles such as "Bath Boyz," "Master of Boyz," and "Boyz." In the case that gave rise to the 2012 conviction, Defendant also admitted to possessing images of minors and specifically admitted that he liked "guys" and taking photos of them.

Further, the 1996 conviction also involved Defendant interacting with a minor male in a sexual capacity, wherein Defendant filmed this male engaged in sexually explicit activity. Although the 1996 conviction occurred twenty-six years prior to the instant indictment, the Fourth Circuit has previously affirmed the introduction of prior convictions that occurred after an intervening period of twenty-two years where the crimes were similar (rape of a twelve-year-old and travel to engage in sex). *See United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007).

WHEREFORE, the United States gives notice of its intent to introduce the aforementioned convictions as evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

    Respectfully submitted,

    WILLIAM S. THOMPSON
    United States Attorney

By:   /s/ Kristin F. Scott
    KRISTIN F. SCOTT
    Assistant United States Attorney
    WV State Bar Number: 13787
    300 Virginia Street, East
    Charleston, West Virginia 25301
    Telephone: 304-345-2200
    E-mail: kristin.scott@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that service of the foregoing "NOTICE OF THE UNITED STATES TO INTRODUCE EVIDENCE PURSUANT TO RULE 404(b)" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this date 12th day of May, 2022, to:

> Timothy J. LaFon
> **CICCARELLO DELGIUDICE & LAFON**
> **Suite 100**
> **1219 Virginia Street East**
> **Charleston, WV 25301-2912**
> **Fax: 304/343-4464**
> **Email: tlafon@cdlwv.com**

<u>/s/ Kristin F. Scott</u>
KRISTIN F. SCOTT
Assistant United States Attorney
WV State Bar Number: 13787
300 Virginia Street, East
Charleston, West Virginia 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: kristin.scott@usdoj.gov