STATE OF WEST VIRGINIA

COUNTY OF CABELL

STATE OF WEST VIRGINIA

NO. 94F 185
    94F 186

WEST VIRGINIA CODE: 61-10-31
                    61-8b-3
                    61-8b-7
                    61-8b-5
                    61-8C-2(a)

vs.

OFFENSE: CONSPIRACY; FIRST DEGREE SEXUAL ASSAULT; FIRST DEGREE SEXUAL ABUSE; THIRD DEGREE SEXUAL ASSAULT; USE OF MINORS IN FILMING SEXUALLY EXPLICIT CONDUCT

STEVEN MATTHEWS AND
JAMES W. GIPSON II, aka
"CHIP" GIPSON

THE GRAND JURY CHARGES:

That between the Spring of 1992, and March, 1994, in the County of Cabell, State of West Virginia, STEVE MATTHEWS and JAMES W. GIPSON II, AKA "CHIP" GIPSON, committed the offense of CONSPIRACY by unlawfully, feloniously, knowingly and intentionally conspiring with each other to commit the offense of Third Degree Sexual Assault, and both parties to the conspiracy committed at least one overt act in furtherance of the conspiracy, namely, committing the offense of Third Degree Sexual Assault, within Cabell County, against the peace and dignity of the State.

COUNT II:

The Grand Jury further charges that sometime during July or August, 1993, in the County of Cabell, State of West Virginia, STEVE MATTHEWS committed the offense of "FIRST DEGREE SEXUAL ASSAULT" by unlawfully, feloniously, and inten_____ __bj_____ng to sexual intercourse, by placing                   penis in ___ mouth, the said STEVEN MATTHEWS being more than fourteen (14) years of age and the said                 being eleven (11) years of age, against the peace and dignity of the State.

COUNT III:

The Grand Jury further charges that sometime during July or August, 1993, in the County of Cabell, State of West Virginia, STEVE MATTHEWS committed the offense of "FIRST DEGREE SEXUAL ABUSE" by

Exhibit 1

unlawfully and feloniously subjecting                        to sexual contact by intentionally touching the genitals of                   the said STEVE MATTHEWS being more than fourteen (14) years of age, and the said                      being eleven (11) years of age, against the peace and dignity of the State.

COUNT IV:

The Grand Jury further charges that during July, 1993, in the County of Cabell, State of West Virginia, STEVE MATTHEWS committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                       by placing                    penis in his mouth, when the said STEVE MATTHEWS was more than sixteen years of age and more than four years older than the said                      who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT V:

The Grand Jury further charges that in or about April, 1993, in the County of Cabell, State of West Virginia, STEVE MATTHEWS committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                       by placing                    penis in his mouth, when the said STEVE MATTHEWS was more than sixteen years of age and more than four years older than the said                      who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT VI:

The Grand Jury further charges that in or about April, 1993, in the County of Cabell, State of West Virginia, STEVE MATTHEWS committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                       by placing                    penis in his mouth, when the said STEVE MATTHEWS was more than sixteen years of age and more than four years older than the said                      who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT VII:

The Grand Jury further charges that sometime during April, 1993, or May, 1993, in the County of Cabell, State of West Virginia, STEVE MATTHEWS committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                       by placing                    penis in his mouth, when the said STEVE MATTHEWS was more than sixteen years of age and more than four years older than the said                      who was then under the age of sixteen years, against the peace and dignity of the State.

Exhibit 1

**COUNT VIII:**

The Grand Jury further charges that during or about May, June, July, or August, 1993, in the County of Cabell, State of West Virginia, STEVE MATTHEWS committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with _____, by placing _____ penis in his mouth, when the said STEVE MATTHEWS was more than sixteen years of age and more than four years older than the said _____ who was then under the age of sixteen years, against the peace and dignity of the State.

**COUNT IX:**

The Grand Jury further charges that during or about March or April, 1993, in the County of Cabell, State of West Virginia, STEVE MATTHEWS committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with _____, by placing _____ penis in his mouth, when the said STEVE MATTHEWS was more than sixteen years of age and more than four years older than the said _____ who was then under the age of sixteen years, against the peace and dignity of the State.

**COUNT X:**

The Grand Jury further charges that during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with _____, by placing _____ penis in his mouth, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said _____ who was then under the age of sixteen yars, against the peace and dignity of the State.

**COUNT XI:**

The Grand Jury further charges that during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with _____ by placing _____'s penis in his mouth, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said _____, who was then under the age of sixteen years, against the peace and dignity of the State.

Exhibit 1

COUNT XII:

That sometime during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "USE OF MINORS IN FILMING SEXUALLY EXPLICIT CONDUCT" by unlawfully and feloniously causing or knowingly permitting, using, persuading, including enticing, or coercing             a minor, to do or assist in any sexually explicit conduct when the said JAMES W. GIPSON II, aka "CHIP" GIPSON, had knowledge that such acts were being photographed, against the peace and dignity of the State.

COUNT XIII:

That sometime during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "USE OF MINORS IN FILMING SEXUALLY EXPLICIT CONDUCT" by unlawfully and feloniously causing or knowingly permitting, using, persuading, including enticing, or coercing             , a minor, to do or assist in any sexually explicit conduct when the said JAMES W. GIPSON II, aka "CHIP" GIPSON, had knowledge that such acts were being photographed, against the peace and dignity of the State.

COUNT XIV:

The Grand Jury further charges that on or about March 14, 1994, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with             , by placing             penis in his mouth, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said             who was less than sixteen years of age, against the peace and dignity of the State.

COUNT XV:

The Grand Jury further charges that during April or May, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with             by placing             penis in his mouth, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said             who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT XVI:

The Grand Jury further charges that during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with             by placing             penis in his mouth, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said             who was then under the age of sixteen years, against the peace and dignity of the State.

Exhibit 1

COUNT XVII:

The Grand Jury further charges that during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                    , by inserting                    penis into the anus of JAMES W. GIPSON II, aka "CHIP" GIPSON, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said                    who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT XVIII:

The Grand Jury further charges that during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                    , by inserting                    s penis into the anus of JAMES W. GIPSON II, aka "CHIP" GIPSON, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said                    who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT XIX:

The Grand Jury further charges that during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                    by inserting his finger into                    rectum, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said                    who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT XX:

The Grand Jury further charges that in or about April, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                    by placing                    penis in his mouth, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON was more than sixteen years of age and more than four years older than the said                    who was then under the age of sixteen years, against the peace and dignity of the State.

Exhibit 1

COUNT XXI:

The Grand Jury further charges that sometime during or about June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON, committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                 by placing                            penis in his mouth, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON, was more than sixteen years of age and more than four years older than the said                 who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT XXII:

The Grand Jury further charges that sometime during or about June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON, committed the offense of "THIRD DEGREE SEXUAL ASSAULT" by unlawfully and feloniously engaging in sexual intercourse with                 by placing                            penis in his mouth, when the said JAMES W. GIPSON II, aka "CHIP" GIPSON, was more than sixteen years of age and more than four years older than the said                 who was then under the age of sixteen years, against the peace and dignity of the State.

COUNT XXIII:

The Grand Jury further charges that sometime during June, July, or August, 1993, in the County of Cabell, State of West Virginia, JAMES W. GIPSON II, aka "CHIP" GIPSON, committed the offense of "USE OF MINORS IN FILMING SEXUALLY EXPLICIT CONDUCT" by unlawfully and feloniously causing or knowingly permitting, using, persuading, including enticing, or coercing M         C         a minor, to do or assist in any sexually explicit conduct when the said JAMES W. GIPSON II, aka "CHIP" GIPSON, had knowledge that such acts were being photographed, against the peace and dignity of the State.

A TRUE BILL

_Christopher D. Chiles_
PROSECUTING ATTORNEY
~~ASSISTANT PROSECUTING ATTORNEY~~
CABELL COUNTY, WEST VIRGINIA

_Franklin_
FOREPERSON

Exhibit 1