IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,
         Plaintiff,

vs.                              INDICTMENT NO. 94-F-186

JAMES W. GIPSON, II aka CHIP GIPSON,
         Defendant.

## O R D E R

On this the 1st day of July, 1996, came the defendant, in person and by his counsel, Ronald J. Flora; and also came the State of West Virginia by Margaret Phipps Brown, Assistant Prosecuting Attorney of Cabell County, West Virginia, and the Court, upon being advised that the defendant desires to enter a plea of guilty to the felony offense of "Use of minors in Filming Sexually Explicit Conduct", a provable offense as contained in Count XXIII (23) of Indictment No. 94-F-186, proceeded to inquire of both the defendant and counsel concerning matters pertinent to the defendant's entering a plea of guilty before this Court.

This Court, after due consideration of the facts and circumstances developed by said inquiry, the responses and statements made by the defendant, and the statements made by both counsel for the defendant and counsel for the State does accordingly find as follows:

   That the defendant and his counsel have received a
   copy of the Indictment in this case, and a further
   finding that the defendant understands the nature and
   meaning of the charges contained in said Indictment;

   That the defendant has counsel, competent in criminal
   matters, and that the defendant is totally satisfied
   with the representations and advice he has received

Exhibit 2

GIP - 000618

from said counsel;

That the defendant has consulted with and has been advised by his counsel with respect to his constitutional rights and his waiver thereof;

That the defendant understands that he has a right to a trial by an impartial jury of twelve (12) persons and a right to have the State prove its' case beyond a reasonable doubt, but by pleading guilty understands that he would not receive such a trial;

That the defendant understands he has a right to stand silent during the proceedings;

That the defendant understands he has a right to confront and cross examine his accusers;

That the defendant understands he has a right to present witnesses in his own defense and to testify in his own defense;

That the defendant understands he has a right to appeal the conviction for any errors of law;

That the defendant understands he has a right to move to suppress illegally obtained evidence and illegally obtained confessions, and the right to challenge, in the trial Court and on appeal, all pretrial proceedings, and;

That the defendant understands that by pleading guilty he waives all pre-trial defects with regard to, among others, arrest, the gathering of evidence and prior confessions, as well as all non-jurisdictional defects in the criminal proceeding;

That the defendant understands he may be confined in a West Virginia Penitentiary for a period of up to ten (10) years and/or fined in an amount of not more than Ten Thousand Dollars ($10,000.00).

That the defendant has knowingly and intelligently waived all of his constitutional rights;

That there exists a factual basis for the acceptance of this plea.

That he has freely, voluntarily, intelligently, knowingly, and understandingly tendered unto this Court both his oral and written plea of guilty to the charge of "Use of Minors in Filming Sexually Explicit Conduct", a provable offense as contained in Count XXIII (23) of Indictment No. 94-F-186.

THEREFORE, this Court is of the opinion to and does hereby accept the defendant's oral and written plea of guilty tendered

Exhibit 2

GIP - 000619

unto this Court and hereby ORDERS and DIRECTS that said written plea and the transcript of this proceeding be filed and made a part of the official record of this case.

Upon said plea, this Court doth ADJUDGE the defendant guilty of "Use of Minors in Filming Sexually Explicit Conduct", a provable offense as contained in Count XXIII (23) of said Indictment No.94-F-186, and further, the Court ORDERS that at pre-sentence investigation be done in this matter prior to the time of sentencing. It is the further ORDER of this Court that the bond previously posted in this matter shall be continued until the time of sentencing.

It is the further ORDER of this Court that this matter is hereby set for sentencing on July 15, 1996, at 9:00 a.m.

ORDERED: _____
John L. Cummings, Circuit Judge

APPROVED FOR ENTRY:
_____

ENTERED Circuit Court Criminal Order Book
No. 157 Page 130 this 8 day of
July 19 96

STATE [illegible]
[illegible stamp]
OCT 17 2011
[illegible] VIRGINIA

Exhibit 2

GIP - 000620

<u>IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA</u>

STATE OF WEST VIRGINIA
       Plaintiff,

VS.

CRIMINAL ACTION NO. <u>94F-98</u>

<u>James W. Gipson II</u>
       Defendant.
A.K.A. Chip Gibson

Plea to Ct 23
   Use of Minors in Filming...
   Not more than 10,000.00, or up to 10 yr
   Prison time

<u>QUESTIONS RELATIVE</u>
<u>TO ENTRY OF PLEA OF GUILTY</u>

INSTRUCTIONS: Prior to entering the plea, the answers to the following questions must be filled out by the defendant if capable of writing, if not, they may be filled out by the attorney who will be called upon to certify at the end of the questions that the questions were read to the defendant and that the defendant gave the answers.

THE DEFENDANT IS <u>NOT</u> TO SIGN UNTIL HE IS QUESTIONED BY THE JUDGE.

1. What is your name? <u>James Wellington Gipson II</u>.
2. Are you the same person charged in Criminal Action No. <u>94F-98</u>? - <u>Yes</u>
3. Have you been furnished a copy of the charges under which you are charged. <u>Yes</u>.
4. Do you understand the meaning of the charges made against you? <u>Yes</u>
5. What is the charge made against you? <u>Filming Minors</u>

_____
        DEFENDANT

Exhibit 2

6. Have you had an opportunity to read the indictment or to have it read for you? YES

7. Have you had a chance to confer with your attorney concerning the charge contained in the indictment? YES

8. Was your attorney appointed for you by the Court? YES

9. Did you understand that you had a right to select and employ a lawyer of your own choice if you were financially able? YES

10. Did you request the Court to appoint a lawyer for you because you were unable to pay for one? YES

11. Who is your lawyer? RONALD FLORA

12. Have you had conferences and meetings with your lawyer? YES

13. Has your lawyer advised you that you have a right to a trial by jury? YES.

14. Do you feel you have been adequately represented by your lawyer? YES

15. Have you had an opportunity to discuss any defenses you may have with your lawyer? YES.

16. Do you understand that you do not have to plea guilty? YES

17. Do you understand that if you enter a plea of not guilty you are entitled to a trial by jury? YES

18. Do you understand that the state is required to prove your guilt beyond a reasonable doubt? YES

19. Do you understand that you can not be found guilty by a jury unless all jurors agree to that verdict? In other words, a verdict of guilty must be unanimous. YES

_[signature]_
DEFENDANT

Exhibit 2

GIP - 000622

20. Do you understand that you have a right to remain silent during any trial and that you are not required to take the witness stand? YES

21. Do you understand that you have a right to have witnesses against you take the stand in your presence and that they may be cross examined on your behalf by your lawyer? YES

22. Do you understand that you have the right to call witnesses in your own defense if you desire? YES

23. Do you understand that you yourself have a right to testify in your own defense if you desire? YES

24. Do your understand that after a jury trial, in the event you should be found guilty you have a right to appeal your conviction to the West Virginia Supreme Court of Appeals and perhaps to other appropriate courts? YES

25. Do you understand that you have the right to move to suppress any illegally obtained evidence or any illegally obtained confessions, and that in the event the Court sustains these motions, such evidence can not be used against you in a trial? YES

26. Do you understand that you have a right to make objection to and to challenge any errors made by the trial court concerning the trial and pre-trial proceedings? YES

27. Do you understand that if you enter a plea of guilty you waive any pre-trial defects or wrongs with regard to your arrest, the gathering of evidence and prior confessions and that you are waiving any and all Constitutional Rights to which you may be entitled? YES

28. What is your age? THIRTY - THREE

Exhibit 2

GIP - 000623

29. How far did you go in school? 12 YRS + 1/2 SEM COLL
30. Can you read? YES
31. Can you write? YES
32. Have you ever been treated for mental illness? NO
33. Are you under treatment now? NO
34. Have you discussed your desire to enter a plea of guilty with anyone other than your lawyer? YES   If the answer is yes, state with whom. FATHER
35. Are you under the influence of any drugs or alcohol or other stimulants during the filling out of this questionnaire? NO
36. Do you understand the penalty for the charge to which you are pleading guilty? YES
37. What is that penalty? FINE OF $10,000 OR UP TO 10 YRS
38. What is the minimum penalty that can be imposed by the Court? PROBATION
39. What is the maximum penalty that can be imposed by the Court? 10 YRS PRISON + FINE UP TO $10,000
40. Are you guilty of the crime to which you are pleading guilty? YES
41. Describe briefly your participation in the crime? I WAS INVOLVED IN THE FILMING OF MINORS FOR SEXUAL PURPOSES.

_____
                DEFENDANT

Exhibit 2

42. Is there a mandatory minimum sentence for this crime to which you are pleading? No

43. What is that mandatory sentence? NOT APPLICABLE

44. Has anyone made to you any promises or offered to you anything in order to get you to enter your guilty plea? No

45. Are you aware of what evidence there is against you in the offense for which you are charged? YES

46. Do you have any facts that you wish to assert to establish that you are not guilty of the offense to which you seek to plead? NO

47. Has anyone made you any promises as to how the judge taking your plea will dispose of your case with regard to sentence? NO

48. Do you understand that the judge alone as guided by law will make the decision as to what sentence he will give with regard to your plea? YES

49. Has there been any plea bargaining or plea negotiations? YES

50. If answer to above is yes, please state what these agreements are. PLEA OF GUILTY TO COUNT 23 ALL OTHER COUNTS TO BE DISMISSED AT SENTENCING

51. Did you meet at any time with the prosecutor or law enforcement agencies concerning your plea of guilty when your counsel was not present? No

52. If answer to above is yes, explain when this occurred. _____

_____
DEFENDANT

Exhibit 2

GIP - 000625

53. Do you now waive your right to a trial by jury and ask the Court to accept your plea of guilty to _FILMING MINORS_? _YES_

54. What are your pleading guilty to? _FILMING MINORS_

    Now, having been duly sworn in the presence of the Court, I swear the above answers are true.

                                          _____
                                                      DEFENDANT

STATE OF WEST VIRGINIA,
COUNTY OF CABELL, TO-WIT:

   Taken, subscribed, and sworn to before the undersigned authority by _James W. Gipson_, in the County of aforesaid this _1st_ day of _July_, 19_96_

                                          _____

Exhibit 2

GIP - 000626

QUESTIONS TO BE ANSWERED BY THE ATTORNEY      CRIMINAL ACTION NO. 94F-186

1. Were you appointed by the Court to represent this defendant or are you paid counsel? **Appointed**

2. Have you had an ample opportunity to prepare any possible defense for your client? **YES**

3. Have you met with your client concerning his case and gone over with him his possible defenses? **YES**

4. Have you explained to the defendant the charge for which he is charged? **YES**

5. Have you explained to your client his Constitutional Rights to a trial by jury and his other Constitutional Rights? **YES**

6. Have you explained to your client the consequences of entering a plea of guilty? **YES**

7. Does your client understand what he is pleading to? **YES**

8. Have you made an investigation of the charges concerning your client? **YES**

9. Do you feel that the admissible evidence in this case is sufficient to support a guilty verdict on the offense for which the plea is offered or a related greater offense? **YES**

10. Do you feel that under all your knowledge of the case it is to the best interest of your client to enter a plea of guilty? **YES**

11. Have you gone over with your client the questions which he has answered in this questionnaire? **YES**

12. Did he write the answers in his own handwriting? **YES**

_[signature]_
ATTORNEY

Exhibit 2

GIP - 000627

13. If not, did you write the answers for him and did you write the answers which he gave you to make? ___N/A___

14. Has your client re-read the questions and answers after completion of his answers? ___Yes___

15. Has there been any plea bargaining or plea negotiations? ___Yes___

16. If answer to above is yes, please state what these agreements are? ___Plea to Count 23; other charges dismissed at time of sentencing___

17. Is your client under the influence of any drugs or stimulant at the time of making these answers to his questions? ___No___

Now, having been duly sworn in the presence of the Court, I swear the above answers are true.

_____
ATTORNEY

STATE OF WEST VIRGINIA,

COUNTY OF CABELL, TO-WIT:

Taken, subscribed, and sworn to before the undersigned authority by ___Ronald Flora___, in the County aforesaid this ___1st___ day of ___July___, 19__96__.

_____

Exhibit 2

GIP - 000628