UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON GRAND JURY 2010
May 10, 2011 SESSION



FILED
MAY 10 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 3:11-00002
     18 U.S.C. § 2252A(a)(2)
     18 U.S.C. § 2252A(b)(1)
     18 U.S.C. § 2252A(a)(5)(B)
     18 U.S.C. § 2252A(b)(2)

JAMES W. GIPSON, II

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury Charges:

### COUNT ONE

On or about January 7, 2006, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant JAMES W. GIPSON, II did knowingly receive child pornography, as defined in Section 2256 of Title 18 of the United States Code, that is, visual depictions of children under the age of eighteen years engaged in sexually explicit conduct, that had been shipped and transported in interstate and foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

Exhibit 6

**COUNT TWO**

On or about January 12, 2006, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant JAMES W. GIPSON, II did knowingly possess material, that is, computer graphic image files, containing hundreds of images and videos of child pornography, as defined in Section 2256 of Title 18 of the United States Code, that is, visual depictions of children under the age of eighteen years engaged in sexually explicit conduct, that had been shipped and transported in interstate commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

Exhibit 6

## COUNT THREE

On or about May 26, 2006, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant JAMES W. GIPSON, II did knowingly receive child pornography, as defined in Section 2256 of Title 18 of the United States Code, that is, visual depictions of children under the age of eighteen years engaged in sexually explicit conduct, that had been shipped and transported in interstate and foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

Exhibit 6

## COUNT FOUR

On or about June 7, 2006, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant JAMES W. GIPSON, II did knowingly possess material, that is, computer graphic image files, containing hundreds of images and videos of child pornography, as defined in Section 2256 of Title 18 of the United States Code, that is, visual depictions of children under the age of eighteen years engaged in sexually explicit conduct, that had been shipped and transported in interstate commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

Exhibit 6

**COUNT FIVE**

On or about December 9, 2010, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant JAMES W. GIPSON, II did knowingly receive child pornography, as defined in Section 2256 of Title 18 of the United States Code, that is, visual depictions of children under the age of eighteen years engaged in sexually explicit conduct, that had been shipped and transported in interstate and foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

Exhibit 6

## COUNT SIX

On or about January 5, 2011, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant JAMES W. GIPSON, II did knowingly possess material, that is, computer graphic image files, containing hundreds of images and videos of child pornography, as defined in Section 2256 of Title 18 of the United States Code, that is, visual depictions of children under the age of eighteen years engaged in sexually explicit conduct, that had been shipped and transported in interstate commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

Exhibit 6

**FORFEITURE**

In accordance with Section 2253(a) of Title 18 of the United States Code, and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised on the conviction of defendant JAMES W. GIPSON, II of a violation of 18 U.S.C. §§ 2251 et seq., as set forth in this indictment, the defendant shall forfeit to the United States any visual depictions and any books, magazines, periodicals, films, videotapes, and other matter which contains such visual depictions, which were produced, transported, mailed, shipped, or received in connection with the violations set forth in this indictment, any real and personal property constituting or traceable to gross profits or other proceeds obtained from the violations set forth in this indictment, and any real and personal property used or intended to be used to commit or to promote the commission of the violations set forth in this indictment, including, but not limited to the following:

- One Hitachi 30 GB hard drive, Model IC2SN030ATMR04-0, serial number MRG2E9KBDNVBKJ;
- One Hitachi Travelstar 30 GB hard drive, Model IC2SN030ATMR04-0, serial number, MRG2EOKBET8VIJ;
- One Dell Dimension computer, serial number 213M901;
- One Maxtor 20 GB hard drive, Model 5T020H2, serial number SG-061TTY-19661-OCU-AI6T;
- One Dell Inspiron computer, Model PP04L, serial number FF9NK11;

Exhibit 6

- One Hitachi 60 GB hard drive, Model HTS541260H9AT00, serial number BBG3JW1A;
- One HP Pavilion computer, Model A614N, serial number MXK4301K24;
- One Samsung 80 GB hard drive, Model SP0802N, serial number S00JJ40X624816; and
- Ten floppy disks.

R. BOOTH GOODWIN II
United States Attorney

By: _____
LISA G. JOHNSTON
Assistant United States Attorney

Exhibit 6