AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of West Virginia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| JAMES W. GIPSON, II | ) | Case Number: 3:11-00002 |
|  | ) | USM Number: 10432-088 |
|  | ) | Timothy LaFon |
|  | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   six of the superseding indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2) | Possession of Child Pornography | 1/5/2011 | 6 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   1-5 of the superseding indictment   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/05/12
Date of Imposition of Judgment

*/s/ Robert C. Chambers*

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

03/07/12
Date

Exhibit 9

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: JAMES W. GIPSON, II
CASE NUMBER: 3:11-00002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

128 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be evaluated for the sex offender treatment program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Exhibit 9

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: JAMES W. GIPSON, II
CASE NUMBER: 3:11-00002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

life.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Exhibit 9

Case 2:21-cr-00092 Document 46-9 Filed 05/12/22 Page 4 of 6 PageID #: 223
Case 3:11-cr-00002 Document 67 Filed 03/07/12 Page 4 of 6 PageID #: 527

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: JAMES W. GIPSON, II
CASE NUMBER: 3:11-00002

# SPECIAL CONDITIONS OF SUPERVISION

(1) Defendant shall submit to an evaluation by a qualified mental health professional, approved by his probation officer, who is experienced in the treatment of sex offenders. Defendant shall take all medications reasonably related to treatment of his condition, complete all treatment recommendations and abide by all rules, requirements, and conditions imposed by the professional. Defendant must do so until the professional discharges him from treatment. Prior to being required to submit to any proposed course of treatment or discontinuation of treatment, Defendant or the Government may seek review from this Court;

(2) at the direction of his probation officer, Defendant shall submit to risk assessments and psychological testing, which may include, but is not limited to, a polygraph examination or other specific tests to monitor his compliance with supervised release treatment conditions;

(3) Defendant must have his residence and employment approved by the probation officer. Any change in either his residence or employment must be reported to his probation officer at least 10 days prior to the change and must be approved before such change can be made;

(4) Defendant shall not possess any materials depicting and/or describing "sexually explicit conduct" or "child pornography" as defined in 18 U.S.C. § 2256, nor shall he enter, or knowingly remain in, any location, without the prior approval of his probation officer, where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games;

(5) Defendant shall not use, purchase, possess, procure or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, Internet, Internet service providers or exchange formats involving computers unless approved by the probation officer for such purposes as his lawful gainful employment by a business or entity or use by an immediate family member living in his household or for other legitimate purposes. Any computer, computer hardware or software possessed solely by the defendant is subject to searches and/or seizures by his probation officer;

(6) Defendant shall register pursuant to state law with any local and/or state sex offender registration agency in any state where he resides, is employed, carries on a vocation, or is a student;

(7) Defendant shall provide the probation officer access to any requested financial records;

(8) Defendant shall not associate or have verbal, written, telephonic, or electronic communications with any minor except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that he notify the parent or legal guardian of his sex offender conviction; and (3) Defendant has written approval from his probation officer.

(9) Unless Defendant has prior approval from his probation officer, he shall not loiter within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, day care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, circuses, or other places that are primarily used or can reasonably be expected to be used by minors;

(10) Defendant shall notify employers, family, friends and others with whom he has regular contact of his conviction as a sex offender and that he is being supervised by a probation officer;

(11) Defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without written permission from his probation officer. Defendant may not engage in any activity that involves being in a position of trust or authority over any minor;

(12) Defendant shall participate in this District's computer monitor program and pay any costs associated therewith and abide by all special conditions therein, as directed by his probation officer. Participation in this program is contingent upon all program criteria being met.

(13) Defendant shall not own, use or have access to the services of any commercial mail receiving agency or storage unit nor shall Defendant open or maintain a post office box or storage unit without the prior approval of the probation officer. Defendant shall provide the probation officer with a list of all P.O. boxes and/or storage units Defendant can access.

(14) Defendant shall cooperate in the collection of a DNA sample, pursuant to the DNA Analysis Backlog Elimination Act of 2000.

Exhibit 9

DEFENDANT: JAMES W. GIPSON, II
CASE NUMBER: 3:11-00002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | | $ 0.00 | $ 0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Exhibit 9

DEFENDANT: JAMES W. GIPSON, II
CASE NUMBER: 3:11-00002

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The $100 special assessment is due immediately.

Exhibit 9