IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                        CRIMINAL ACTION NO.   2:21-00092

JAMES GIPSON

**MEMORANDUM OPINION AND ORDER**

On April 26, 2022, Defendant filed his motion to schedule a guilty plea. ECF No. 30. At the plea hearing on May 3, 2022, Defendant informed the Court of his intention to enter a plea of nolo contendere, to which the United States objected. ECF No. 32. The Court stopped the plea hearing and ordered parties to brief the issue of whether Defendant could plead nolo contendere over the United States' objection and whether accepting that plea would be inconsistent with the "public interest in effective administration of justice." The Court also asked Defendant to file an appropriate motion to enter a plea of nolo contendere, which was not done. Defendant has since filed his Memorandum Applicable to Rule 11 of the Federal Rules of Criminal Procedure. ECF No. 44. The Government responded on May 26, 2022. ECF No. 48. For the following reasons, the Court **FINDS** that Defendant cannot plead nolo contendere to the charge.

**I. PROCEDURAL HISTORY**

Defendant has two prior convictions related to child exploitation: a 1996 West Virginia conviction for using minors to film sexually explicit material and a 2012 federal conviction for possession of child pornography. ECF No. 20. His federal conviction arose from criminal conduct where Defendant admitted he possessed over 600 images of minors engaged in sexually explicit conduct; a later examination of his laptop showed that he had downloaded approximately 19,000

images and fifty-seven videos of children engaged in sexually explicit conduct. *See United States v. Gipson*, No. 3:11-CR-00002 (S.D.W. Va. 2011). Defendant was sentenced to imprisonment of 128 months and a supervised release term of life on this charge. *Id.*, ECF No. 67. While on supervised release for this 2012 conviction, Defendant allegedly committed the conduct leading to the instant charge. According to police reports and witness statements, Defendant used his laptop in a common room of a community shelter to look at child pornography; staff at the shelter confiscated the laptop and called police. *Id.*, ECF No. 73. Police obtained the laptop, and a forensic review revealed approximately 300 images of child pornography and more child erotica. *Id*. Shortly after the incident, Defendant confessed to his Probation Officer that the laptop was his, that he used it to look up images of naked boys, and that some of the boys in the images were under 18. *Id*. On June 10, 2021, a grand jury in Charleston indicted Defendant for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b). ECF No. 1. As discussed above, at his guilty plea, he notified the United States and this Court of his intention to plead nolo contendere.

## II. LEGAL STANDARD

Under Rule 11(a)(1) of the Federal Rules of Criminal Procedure, a defendant may plead not guilty, guilty, or, with the court's consent, nolo contendere. Though, as the Supreme Court notes, "it is impossible to state precisely what a defendant does admit when he enters a nolo plea in a way that will consistently fit all the cases," historically, pleas of nolo contendere have not been treated as express admissions of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency. *North Carolina v. Alford*, 400 U.S. 25, 35 n.8 (1970).

However, before accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice. Fed. R. Crim. P. 11(a)(3). This is because "nolo pleas come with various costs and benefits, and the court must ensure that in

the case before it the benefits outweigh the costs." *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009). Specifically, a plea of nolo contendere differs from a standard guilty plea because the Court is not required to determine whether an adequate factual basis supports a criminal defendant's nolo contendere plea. *See* Fed. R. Crim. P. 11(b)(3). The Rule "has been construed to vest the trial judge with broad discretion." *United States v. Dorman*, 496 F.2d 438, 440 (4th Cir. 1974) (citing *Mason v. United States*, 250 F.2d 704, 706 (10th Cir. 1957)). Indeed, in *Dorman*, the Fourth Circuit found no abuse of discretion in either the district court's general rule against pleas of nolo contendere or the court's refusal to apply its exception for such pleas to the defendant. *Id*.

### III. ANALYSIS

#### A. Parties' Views

The Court first notes that the Government opposes the plea. This opposition, while not binding on the Court, must be taken into consideration. The Government may consent to a plea of nolo contendere only where "the circumstances of the case are so unusual that acceptance of such a plea would be in the public interest." U.S. Dep't. of Just., Just. Manual, § 9-27.500 (2018). This Court agrees that this case does not rise to those unusual circumstances, and further concludes that it would be against public interest to allow the plea.

#### B. The Public Interest in the Effective Administration of Justice.

There is no one formulaic approach for determining whether to accept a nolo contendere plea, but courts have considered factors such as: the position of the United States; the nature and duration of the violation; prior violations; the impact of the conduct on the public; the deterrent effect of any plea; whether acceptance of the plea would be discriminatory or incongruous; the defendant's unique circumstances; whether defendant has firsthand knowledge of facts that would

be sufficient to constitute a factual basis for a guilty plea; whether a trial would be lengthy or expensive; whether the plea would undermine public confidence in the criminal justice system; and whether there is a risk of accepting a plea from an innocent defendant. *See e.g., United States v. McGill*, 128 F. Supp. 3d 863, 871-74 (E.D. Pa. 2015) (collecting cases); *United States v. AEM, Inc.*, 718 F. Supp. 2d 1334, 1336-40 (M.D. Fla. 2010).

Here, defendant has a history of crimes against children. In his prior case, he admitted that he has a compulsive sexual interest in minors and has shown an unwillingness or inability to conform his behavior to the law. The fact that he committed this violation while on supervised release demonstrates that he is a danger to the community and at high risk of recidivism.

The nature of child exploitation crimes, generally, also supports denying the nolo contendere plea. The public has a vested interest in protecting its children and ensuring that those who exploit them face serious penalties (including enhanced penalties for those who have prior child exploitation convictions). *See* 18 U.S.C. § 2251(e); *United States v. Morace,* 594 F.3d 340, 350 (4th Cir. 2010) (noting that Congress had made clear its view that child pornography offenses are to be treated seriously). Additionally, child pornography is a national problem, and consumers of child pornography, such as Defendant, drive demand and the accompanying production that involves child abuse. *See Paroline v. United States*, 572 U.S. 434, 439-40 (2014). Allowing Defendant to avoid accountability for his crimes would be a disservice to the victims who, "suffer[] continuing and grievous harm as a result of [their] knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse [they] endured." *Id*. at 457.

Further, and of particular concern where Defendant has a history of repetitive criminal child exploitation offenses, is the dubious effect of the nolo contendere plea on future prosecution

of Defendant. Both Rule 410 of the Federal Rules of Criminal Procedure and Rule 803(22) of the Federal Rules of Evidence explicitly exclude nolo contendere pleas as inadmissible at future proceedings, but they do not address resulting convictions from those pleas. Circuit courts are currently split on whether a conviction resulting from a nolo contendere plea may be used against defendants to prove a defendant committed the prior crime. *Compare United States v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006) (holding that Rule 410 prohibits convictions resulting from nolo pleas as "proof that the pleader actually committed the underlying crimes charged."); *United States v. Adedoyin*, 369 F.3d 377, 343-45 (3d Cir. 2004) (suggesting that Rules 410 and 803(22) bar use of nolo convictions to prove defendant committed the prior crime) *with Olsen v. Correiro*, 189 F.3d 52, 58-64 (1st Cir. 1999) (recognizing inconsistency with holding that Rule 410 bars nolo pleas but not convictions as evidence but not deciding the issue); *United States v. Green*, 873 F.3d 846, 864 (11th Cir. 2017) (determining that Rule 803(22) bars records of nolo convictions from being admissible to prove matters under Federal Rule of Evidence Rule 404(b) but not deciding whether Rule 410 precludes nolo convictions); *United States v. Frederickson*, 601 F.2d 1358, 1364-66 (8th Cir. 1979) (allowing as evidence a conviction from a nolo plea pursuant to Rule 404(b)). The Fourth Circuit has not specifically decided the issue of admissibility of either nolo pleas or nolo convictions at trial as evidence of prior convictions. But where there is reason to believe, even at an advanced age, Defendant may reoffend, it would be unfair to limit recourse for the United States to hold Defendant accountable and make known to any finder of fact all of Defendant's prior convictions. This is against the public interest.

There are no special interests justifying pleading nolo contendere, nor did Defendant provide any. Of course, Defendant did not address the public interest in his memorandum, despite being ordered to do so, but the Court, from its knowledge of the case, does not see any special

interests that would justify the plea. To allow Defendant to plead nolo contendere on his third offense, after pleading guilty to two other child exploitation convictions, would publicly downplay its significance and his pattern of engaging in similar harmful behavior. It would depreciate the seriousness of the offense and would undermine public confidence. *See McGill*, 128 F. Supp. 3d. at 873 (noting that the public's view of a nolo plea is "often that it is a mere 'slap on the wrist' and the 'public should not be given the impression that the judiciary has no interest in adjudicating [a] defendant's guilt or innocence' in such serious matters") (quoting *United States v. B. Manischewitz Co.*, 1990 WL 86441, at *6 (D.N.J. May 23, 1990)). Here, Defendant has already provided a full confession to his Probation Officer and has not explained to this Court why a guilty plea is not an acceptable option when he has already admitted guilt outside a courtroom setting. Taken together then, the factors weigh against allowing Defendant to plead nolo contendere.

## IV. CONCLUSION

For the reasons herein, the Court **FINDS** that Defendant cannot plead nolo contendere to the charge.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:   June 7, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE