

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

June 17, 2022

Timothy J. LaFon, Esq.
Ciccarello, Del Giudice & LaFon
1219 Virginia Street East
Suite 100
Charleston, WV 25301

Re: United States v. James Gipson
Criminal No. 2:21-cr-00092

Dear Attorney LaFon:

Enclosed please find a proposed plea agreement for your client, James Gipson. Please have Mr. Gipson execute the plea agreement and return it to me along with the attached financial documents. The deadline for accepting the enclosed plea agreement is June 22, 2022. Please do not make any changes or edits to the plea paperwork. If you wish to discuss edits, please reach out to me.

Should you have any questions, please feel free to contact me.

Sincerely,

WILLIAM S. THOMPSON
United States Attorney

By: *KF Scott*
KRISTIN F. SCOTT
Assistant United States Attorney

KFS/tlm
Enclosure



**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

June 16, 2022

Timothy J. LaFon, Esq.
Ciccarello, Del Giudice & LaFon
1219 Virginia Street East
Suite 100
Charleston, WV 25301

      Re: United States v. James Gipson
          Criminal No. 2:21-cr-00092

Dear Attorney LaFon:

    This will confirm our conversations with regard to your client, James Gipson (hereinafter "Mr. Gipson"). As a result of these conversations, it is agreed by and between the United States and Mr. Gipson as follows:

    1. **PENDING CHARGE.** Mr. Gipson is charged in a single-count Indictment with a violation of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

    2. **RESOLUTION OF CHARGES.** Mr. Gipson will plead guilty to said Indictment, which charges him with violating 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography). The United States agrees not to seek an upward variance or departure from the guideline range resulting from the 120-month mandatory minimum sentence.

                                                                       _____
                                                                          Defendant's
                                                                          Initials

Timothy J. LaFon, Esq.
June 16, 2022                                          Re: James Gipson
Page 2


    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Gipson will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of at least 10 years[1] and up to 20 years;

    (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c) A term of supervised release of at least five years to life;

    (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

    (e) An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4. **SPECIAL ASSESSMENT.** Mr. Gipson has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Gipson agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5. **RESTITUTION.** Mr. Gipson understands that, pursuant to 18 U.S.C. § 2259, notwithstanding the offense of conviction, the Court shall order restitution to the victims depicted in any image or video of child pornography possessed by him for full amount of the

---

[1] Typically, the maximum penalty to a violation of 18 U.S.C. §§ 2252(a)(5)(B) and 2252A(b)(2) is imprisonment for up to ten years. However, Mr. Gipson has a 2012 federal conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and, accordingly, he faces an enhanced statutory penalty under 18 U.S.C. § 2252A(b)(2).

                                                                                 Defendant's Initials

Timothy J. LaFon, Esq.
June 16, 2022                                    Re: James Gipson
Page 3

victims' losses, if any. Mr. Gipson further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Gipson further agrees as follows:

(a) Mr. Gipson agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Gipson will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Gipson agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Gipson agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Gipson agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim.

However, nothing in this provision is intended to preclude the Court from ordering Mr. Gipson to pay a greater or lesser sum of restitution in accordance with law.

_____
Defendant's Initials

Timothy J. LaFon, Esq.  
June 16, 2022                                        Re: James Gipson  
Page 4

     6. **ABANDONMENT OF PROPERTY.** Mr. Gipson hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized from him on April 25, 2020, that is, one (1) Acer laptop, Serial Number LXAU50X263902017B0200. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

     7. **PAYMENT OF MONETARY PENALTIES.** Mr. Gipson authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Gipson agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Gipson further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

     Mr. Gipson authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

     In addition to any payment ordered by the Court, Mr. Gipson shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

                                                                     _____  
                                                                     Defendant's  
                                                                     Initials

Timothy J. LaFon, Esq.
June 16, 2022                                   Re: James Gipson
Page 5

    Mr. Gipson agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLP immediately of his representation.

    8. **COOPERATION.** Mr. Gipson will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Gipson may have counsel present except when appearing before a grand jury.

    9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Gipson, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Gipson for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Gipson for perjury or false statement if such a situation should occur pursuant to this agreement.

    11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Gipson stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

                                                                           _____
                                                                            Defendant's
                                                                            Initials

Timothy J. LaFon, Esq.
June 16, 2022                                              Re: James Gipson
Page 6

    Mr. Gipson agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Gipson or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Gipson knowingly and voluntarily waives, see **United States v. Mezzanatto**, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Gipson understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    The United States and Mr. Gipson acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate Guidelines range.

    12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Gipson knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Gipson also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 18 U.S.C.

                                                                                     Defendant's
                                                                                      Initials

Timothy J. LaFon, Esq.
June 16, 2022                                          Re: James Gipson
Page 7

§ 2252A(a)(5)(B) is unconstitutional, and (2) Mr. Gipson's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 2252A(a)(5)(B).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Gipson also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Gipson knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Gipson understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Gipson understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Gipson further understands that

                                                    _____
                                                    Defendant's
                                                    Initials

Timothy J. LaFon, Esq.  
June 16, 2022                                           Re: James Gipson  
Page 8

the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment, or student status. Mr. Gipson understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Gipson;

(f) Advise the Court concerning the nature and extent of Mr. Gipson's cooperation; and

(g) Address the Court regarding the issue of Mr. Gipson's acceptance of responsibility.

16. **VOIDING OF AGREEMENT.** If either the United States or Mr. Gipson violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Gipson in this matter. There are no agreements, understandings or

X _____  
Defendant's Initials

Timothy J. LaFon, Esq.  
June 16, 2022                                Re: James Gipson  
Page 9

recommendations as to any other pending or future charges against Mr. Gipson in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                        WILLIAM S. THOMPSON  
                        United States Attorney

By: *[signature: Kt. F. Scott]*  
                        KRISTIN F. SCOTT  
                        Assistant United States Attorney

KFS/tlm

*[signature]*  
Defendant's Initials

Timothy J. LaFon, Esq.  
June 16, 2022  Re: James Gipson  
Page 10

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement; that no promises or inducements have been made to me other than those in this agreement; and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____  _____
James Gipson                 06/21/22
Defendant                    Date Signed

_____  _____
Timothy J. LaFon, Esq.       6/21/22
Counsel for Defendant         Date Signed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.    CRIMINAL NO. 2:21-cr-00092

**JAMES GIPSON**

### STIPULATION OF FACTS

The United States and James Gipson (hereinafter "I" and "my") stipulate and agree that the facts comprising the offense of conviction in the single-count Indictment, Criminal No. 2:21-cr-00092, and relevant conduct for that offense, in the Southern District of West Virginia, include the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

On or about April 25, 2020, at or near Charleston, Kanawha County, West Virginia, I possessed computer graphic image files depicting child pornography, including an image of a prepubescent male bent over with his penis visible and an image of a prepubescent male masturbating with an erect penis. These images were located on my Acer laptop and saved in folders with titles such as "Bath Boyz" and "Boyz."

I know that these images had been shipped and transported in and affected interstate commerce by any means, including by computer and the Internet. Specifically, I knowingly possessed the above images of child pornography on my Acer computer.

I accessed and possessed the images on my computer while I was in Charleston, Kanawha County, West Virginia, which I know is within the Southern District of West Virginia.

Prior to possessing the images of child pornography, I was previously convicted in the United States District Court for the Southern District of West Virginia of the felony offense of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Case No. 3:11-cr-00002. I was on supervised release for this conviction at the time of this incident.

"PLEA AGREEMENT EXHIBIT A"

This Stipulation of Facts does not contain each and every fact known to myself and to the United States concerning my involvement in the charge set forth in the Indictment.

Stipulated and agreed to:

_____   Date  06/21/22
JAMES GIPSON
Defendant

_____   Date  6/21/22
TIMOTHY J. LAFON, Esq.
Counsel for Defendant

_____   Date  6-22-22
KRISTIN F. SCOTT
Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT A"